PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☑ INFORMATION ☐ INDICTMENT

Matter Sealed: ☐ Juvenile ☑ Other than Juvenile
☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
☐ Indictment ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
DISTRICT OF California — Northern Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: Joseph P. Russoniello
☐ U.S. Atty ☐ Other U.S. Agency
Phone No. (415) 436-7200

Name of Asst. U.S. Attorney (if assigned): Jeffrey Finigan

CASE NO. CR 10 0500 ~~UNDER SEAL~~ SI

USA vs.
Defendant: Hari Jamil Dillon

FILED 2010 JUN 29 A 10:57

☐ Interpreter Required    Dialect: _____

Birth Date: 4/30/1948    ☑ Male  ☐ Female  ☐ Alien (if applicable)

Social Security Number _____

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
IRS & FBI

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAG. JUDGE CASE NO.

Place of offense: San Francisco    County: San Francisco

### DEFENDANT

Issue: ☐ Warrant  ☐ Summons

Location Status:
Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
  ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): Garrick Lew
☐ FPD ☐ CJA ☑ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

### OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 4

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 1 | 18 USC Section 1343 | Wire Fraud | 1 & 3 |
| 2 | 18 USC Section 1957 | Money Laundering | 2 & 4 |
|   | (counts 1 & 3: 20 yrs BOP; $250,000 fine; | (counts 2 & 4: 10 yrs BOP; $250,000 fine or twice amount | |
|   | 3 yrs supervised release; | of criminally derived property; 3 yrs supruvised release; | |
|   | $100 assessment) | $100 assessment) | |

```
 1  JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
 2
```



```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
```

| UNITED STATES OF AMERICA, | ) No.: CR 10 0500 **SI** |
|---|---|
| Plaintiff, | ) |
| v. | ) Violations: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Criminally Derived Property; Forfeiture Allegations – 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1)(A) |
| HARI JAMIL DILLON, | ) |
| Defendant. | ) |



## INFORMATION

The United States Attorney charges:

<u>COUNT ONE</u>:       (18 U.S.C. § 1343 - Wire Fraud)

1.      On or about August 11, 2006, within the Northern District of California and elsewhere, the defendant,

**HARI JAMIL DILLON,**

did knowingly and intentionally devise a material scheme and artifice to defraud and to obtain money and property from D.K. by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice to defraud, did knowingly and intentionally cause to be transmitted the following wire

INFORMATION



communication in interstate commerce: a wire transfer of $340,000 from D.K.'s account number ***-***230 at Banc of America Investment Services, Inc., in San Francisco, California, to Wells Fargo Bank account number ***-****546, in San Francisco, California, via New Jersey, in violation of Title 18, United States Code, Section 1343.

COUNT TWO: (18 U.S.C. § 1957- Engaging in Monetary Transactions in Criminally Derived Property)

2. On or about August 15, 2006, in the Northern District of California and elsewhere, the defendant,

## HARI JAMIL DILLON,

did knowingly engage in a monetary transaction, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, and that was derived from specified unlawful activity, namely, wire fraud, as alleged in Count 1, above, a violation of Title 18, United States Code, Section 1343, as follows: a wire transfer of $15,447.11 from Wells Fargo Bank account number ***-****546, in San Francisco, California, to American Express, in violation of Title 18, United States Code, Section 1957.

COUNT THREE: (18 U.S.C. § 1343 - Wire Fraud)

3. On or about December 11, 2006, within the Northern District of California and elsewhere, the defendant,

## HARI JAMIL DILLON,

did knowingly and intentionally devise a material scheme and artifice to defraud and to obtain money and property from A.B. by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice to defraud, did knowingly and intentionally cause to be transmitted the following wire communication in interstate commerce: a wire transfer of $150,000 from A.B.'s account number *****-**924 at Bank of America, San Francisco, California, to Wells Fargo Bank account number ***-****546, in San Francisco, California, via New Jersey, in violation of Title 18, United States Code, Section 1343.

///

INFORMATION                                   2

COUNT FOUR: (18 U.S.C. § 1957- Engaging in Monetary Transactions in Criminally Derived Property)

4. On or about December 13, 2006, in the Northern District of California and elsewhere, the defendant,

HARI JAMIL DILLON,

did knowingly engage in a monetary transaction, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, and that was derived from specified unlawful activity, namely, wire fraud, as alleged in Count 3, above, a violation of Title 18, United States Code, Section 1343, as follows: a wire transfer of $43,322.14 from Wells Fargo Bank account number \*\*\*-\*\*\*\*546, in San Francisco, California, to American Express, in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Forfeiture of Specified Unlawful Activity (wire fraud) proceeds)

5. The allegations of Counts ONE and THREE of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6. Upon a conviction of any of the offenses alleged in Counts ONE or THREE, the defendant,

HARI JAMIL DILLON,

shall forfeit to the United States all property, constituting and derived from proceeds traceable to said offenses, including but not limited to the following property:

    (a) a money judgment equal to the amount of the proceeds obtained from the offense; and

If any of said property, as a result of any act or omission of the defendant-

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

INFORMATION    3

    (e)    has been commingled with other property which cannot be subdivided without difficulty, any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

<u>FORFEITURE ALLEGATION</u>:     (18 U.S.C. § 982(a)(1) - Forfeiture (money or property involved in money laundering))

7. The allegations of Counts TWO and FOUR of this information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(1).

8. Upon a conviction of any of the offenses alleged in Counts TWO or FOUR, the defendant,

HARI JAMIL DILLON,

shall forfeit to the United States all property, constituting and derived from money or property involved in money laundering, including but not limited to the following property:

    (a)    a money judgment equal to the amount of the money or property involved in the offense; and

If any of said property, as a result of any act or omission of the defendant-

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty, any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section

///

///

///

INFORMATION         4

1  853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the
2  Federal Rules of Criminal Procedure.

4  Dated: June 23, 2010          JOSEPH P. RUSSONIELLO
                                  United States Attorney

                                  /s/ Douglas Wilson for
                                  BRIAN J. STRETCH
                                  Chief, Criminal Division

10 (Approved as to form: _____)
                          AUSA FINIGAN

INFORMATION                                5